IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ERNESTINE MARIE PERKINS,

    Plaintiff,

v.                                                                   No. 1:12-cv-01023-JDB-egb

SOUTHWEST HUMAN RESOURCE AGENCY
and SOUTHWEST HUMAN RESOURCE AGENCY
BOARD OF DIRECTORS,

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before this Court is Defendant, Southwest Human Resource Agency Board of Directors' ("Board"), motion to dismiss Plaintiff, Ernestine Marie Perkin's, claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 11.) For the forgoing reasons, Defendant's motion is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2012, Perkins filed a *pro se* action against Defendants Mike Smith, Southwest Human Resource Agency ("SWHRA"), and the Board alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. (D.E. 1.) Plaintiff, an African-American female, contends that she was fired when another white female co-worker complained to Smith after a dispute arose between her and Plaintiff. (Id.) On April 16, 2012, the Court dismissed Perkins' claims against Smith and ordered the Clerk to issue and effect service of process for SWHRA and the Board. (D.E. 6.) The Board filed the instant motion on May 10, 2012 to which Plaintiff responded after being directed to do so by the Court. (D.E. 17, 20.)

## II. LEGAL ANALYSIS

Defendant contends that Perkins did not satisfy her pleading burden and failed to submit factual matters sufficient to state a claim for relief. Specifically, the Board argues that while Plaintiff made a number of allegations with respect to Smith, she did not assert any facts suggesting that the Board took action against her or treated members outside her protected class more favorably. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal citations omitted).

Here, Perkins fails to assert any facts linking the actions of the Board to her job loss. The only mention of the Board in Plaintiff's complaint is her inclusion of it as a defendant. She provides no indication as to how the Board played a role in her termination or that it discriminated against her in any way. While *pro se* complaints are not held to the same standards as formal pleadings drafted by lawyers, and should be construed liberally, Williams, 631 F. 3d at 383, they are not excused from the requirements imposed by the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Here, even reading Perkin's

complaint liberally she has made no factual claim entitling her to recovery from the Board. Therefore, the Board's motion to dismiss Plaintiff's claims against it is GRANTED.

IT IS SO ORDERED this 6th day of March, 2013.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE