IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ERNESTINE MARIE PERKINS,

    Plaintiff,

v.                                                           No. 1:12-cv-01023-JDB-egb

SOUTHWEST HUMAN RESOURCE AGENCY,

    Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT

    Plaintiff, Ernestine Marie Perkins, filed this *pro se* action against Defendant, Southwest Human Resource Agency ("Southwest), alleging wrongful termination and a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Before the Court is Southwest's motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure. For the reasons stated herein, Defendant's motion is GRANTED.

I. BACKGROUND

    Perkins, a black female, was employed by Defendant as a transportation dispatcher for Hardeman, Madison, Chester, and Henderson counties. (Statement of Undisputed Material Facts, Docket Entry ("D.E.") 41-1, ¶ 1.) Over the course of several years, Plaintiff and co-employee Tabitha McDaniel, a white female, developed an acrimonious relationship and frequently engaged in workplace arguments. (Id. at ¶ 2.) Meetings were held by company supervisors on April 29, 2010 and June 7, 2010 where both employees were warned that adverse employment actions would be taken if they did not conduct themselves in a professional manner. (Id. at ¶ 3.) Additionally, Southwest's Human Resources Director, Vonda Mathenia, met with Perkins and

1

McDaniel and advised them that they needed to behave in a more civil manner. (Id. at ¶ 4.) On March 30, 2011 McDaniel filed a police report alleging that Plaintiff had threatened her. (Id. at ¶ 6.) Mathenia conducted an investigation into the matter between Plaintiff and McDaniel and ultimately decided that the two should be terminated. (Id. at ¶¶ 7-8, 10.) On April 11, 2011, Perkins was dismissed for failure to get along with coworkers, but was given the opportunity to apply for other employment within the agency. (Id. at ¶¶ 8-9.) McDaniel's firing was based on the same reasons as Plaintiff's. (Id. at ¶ 10.)

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedures states that, upon a motion of a party, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). When the motion is properly supported by proof, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. The nonmoving party must provide the court with more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus., Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). A party may not oppose a summary judgment motion by sole reliance on the pleadings, but must provide "concrete evidence supporting [her] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989); see Celotex, 477 U.S. at 324.

"A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party." Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 759 (6th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If the party who bears the burden of proof at trial fails to make a showing sufficient to establish an element necessary to her case, entry of summary judgment is appropriate. Poss v. Morris (In re Morris), 260 F.3d 654, 665 (6th Cir. 2001) (quoting Celotex, 477 U.S. at 322). "[O]n summary judgment the inferences to be drawn from the underlying facts… must be viewed in the light most favorable to the party opposing the motion." Matsushita, 475 U.S. at 587.

### III. LEGAL ANALYSIS

A. Racial Discrimination Claim

The Defendant's basis for the Court to dismiss Plaintiff's racial discrimination claim is that she has failed to establish that a similarly situated non-protected individual was treated more favorably than her. In order to succeed on her Title VII claim, Perkins must show that "(1) [she] was a member of a protected class; (2) [she] suffered an adverse employment action; (3) [she] was qualified for the position . . .; and (4) . . . [she] was treated differently than similarly situated, non-protected employees." Harris v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:04-0762, 2005 WL 2000636, at *7 (M.D.Tenn. Aug. 18, 2005) (citing Noble v. Brinker Int'l, Inc., 391 F.3d 715, 728 (6th Cir. 2004)). Southwest concedes that Plaintiff has met the first three requirements but maintains that she cannot factually prove the fourth element.

In order to show that an employee is similarly situated, Perkins must provide facts establishing that the employee "dealt with the same supervisor, [had] been subject to the same standards and [had] engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish [her] conduct or the employer's treatment of [her] for it." Russell v. Univ. of Toledo, 537 F.3d 596, 607 (6th Cir. 2008) (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998)). Plaintiff identified three white individuals as being similarly situated: Tabitha McDaniel, a transportation dispatcher; Shane

3

Carroll, a van driver; and Kayley Porter, a data entry specialist. While Defendant agrees that Perkins and McDaniel were similarly situated in some respects, the Court concurs with Southwest's position that Plaintiff has not identified how she was treated differently than McDaniel. Both she and McDaniel were terminated at the same time for the same behavior. In contrast, Carroll and Porter, while non-protected employees, were not similarly situated. Plaintiff asserts that Porter stole hydrocodone and reported to work high. Defendant states that it was unaware of this allegation, but knew that a coworker had accused Porter of rummaging through her purse in search of Tylenol. After this accusation was leveled, Porter never returned to work. Carroll borrowed money from a client and failed a drug test. He was suspended for three days and allowed to complete a substance abuse program at his own expense.

The Sixth Circuit holds that in order to prove a claim of disparate treatment, a plaintiff must produce evidence which establishes "that for the same or similar conduct [she] was treated differently than similarly-situated non-minority employees." Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992). "It is fundamental that to make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly situated in *all respects*." Id. While this should not be construed to necessitate every aspect of the employment of the Plaintiff and the "comparables" be indistinguishable, it does require the Plaintiff to "prove that all of the *relevant* aspects of [her] employment situation were 'nearly identical' to those of [the non-minority's] employment situation." Ercegovich, 154 F.3d at 352 (quoting Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994)).

In order to succeed on her claim, Perkins must show that these similarly-situated employees engaged in comparably serious conduct to that for which the she was discharged.

4

Here, Porter and Carroll's conduct, while certainly inappropriate, was not at all similar to the behavior for which Plaintiff was terminated. Perkins and McDaniel were fired because for years they had openly aired their hostilities toward each other and engaged in workplace arguments. The tension was so bad that at one point a police report was filed against Plaintiff. This type of behavior is not analogous to the conduct of Porter and Carroll with which Perkins attempts to compare.

In addition to the claim that her termination was racially motivated, Perkins also alleged other instances of disparate treatment in her deposition. These include accusations that McDaniel was allowed to wear capris and low cut blouses and download personal materials to her computer, things Plaintiff was not permitted to do. However, these occurrences do not satisfy the prima facie elements of a racial discrimination case as Perkins did not allege any adverse employment action against her as a result of similar instances. See Michael v. Caterpillar Fin. Serv's Corp., 496 F.3d 584, 593 (6th Cir. 2007) (defining an adverse employment action as a "materially adverse change in the terms or conditions of employment.") Accordingly, she has failed to establish that she was treated differently than similarly-situated non-protected employees and her racial discrimination claim is thereby DISMISSED.

B. Racially Hostile Work Environment

While not explicitly stated in her *pro se* complaint, Plaintiff made a number of statements in the addendum attached to the complaint and in her deposition indicating that she also claimed she was subject to a racially hostile work environment. Defendant urges the Court to dismiss this claim because Perkins did not exhaust her administrative remedies on the issue before filing this action. "An employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359,

361 (6th Cir. 2010). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge." Id. However, *pro se* complaints are to be construed liberally and "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." Davis v. Sodexho, 157 F.3d 460, 463 (6th Cir. 1998). This rule was formulated to allow both the employer and the EEOC "an opportunity to settle the dispute through conference, conciliation, and persuasion." Younis, 610 F.3d at 362. In her Charge of Discrimination, Perkins only referenced her dismissal based on a white employee spreading "false accusations" against her. This allegation is not sufficient to establish a hostile work environment claim. In Younis, the plaintiff cited only three or four discrete acts of alleged discrimination in his EEOC filing. Id. The court held that these isolated acts, standing alone, did not support a "subsequent, uncharged claim of hostile work environment." Id. Likewise, Perkin's complaint exceeded the scope of her EEOC charge and therefore, she did not exhaust her administrative remedies as to her claim of hostile work environment. Accordingly, Plaintiff's claim of a racially hostile work environment is DISMISSED.

## IV. CONCLUSION

Based on the reasons stated herein, Defendant's motion for summary judgment is GRANTED. Plaintiff's claims for racial discrimination and racially hostile work environment are hereby DISMISSED.

IT IS SO ORDERED this 5th day of August, 2013.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE